UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| JAMES IRVING DALE,<br><br>    Plaintiff,<br><br>vs.<br><br>KELLY TJEERDSMA, MICHAEL MEYER, REBECCA SCHIEFER, GEORGE DEGLMAN, UNKNOWN DEPARTMENT OF CORRECTIONS MEDICAL STAFF, UNKNOWN DEPARTMENT OF CORRECTIONS STAFF, ROBERT DOOLEY, TAMMY DEJONG, CORY TYLER, ANDRA GATES, MICHAEL JOE HANVEY, MIKE DOYLE,<br><br>    Defendants. | 4:14-CV-04102-LLP<br><br>ORDER ON MOTIONS TO AMEND<br>(DOCKET # 15 AND 24) |

**INTRODUCTION**

Plaintiff, James Irving Dale ("Dale") is an inmate at the Mike Durfee State Prison ("MDSP") in Springfield, South Dakota. He has filed a *pro se* civil rights lawsuit pursuant to 42 U.S.C. § 1983 and has been granted *in forma pauperis* status. He has, as ordered, paid his initial partial filing fee of $4.00.

On August 12, 2014, Dale moved to amend his Complaint (Docket 9). Judge Simko granted Dale's motion to amend on August 21, 2014 (Docket 10). Thereafter, Dale filed his proposed Amended Complaint, along with a supporting Affidavit, on September 9, 2014. Dockets 11 and 12. The Amended Complaint was screened as required by the Prison Litigation Reform Act

("PRLA"), 28 U.S.C. § 1915A.  On October 24, 2014, the Court determined the Amended Complaint was sufficient to survive screening and entered an Order directing that it be served.  Docket 13.  The US Marshals served Dale's Complaint upon Defendants Deglman, DeJong, Dooley, Doyle, Gates, Hanvey, Meyer, Schiefer, Tjeerdsma and Tyler as directed by Plaintiff Dale.  On October 28, 2014, Dale filed a motion to supplement.  Docket 15.  On December 3, 2014, the Defendants moved, in lieu of an Answer, to dismiss Dale's Complaint for failure to state a claim upon which relief may be granted pursuant to Fed. R. Civ. P. 12(b) (Doc. 20).[1]  On December 16, 2014, Dale filed an additional motion to supplement (Docket 24).  The defendants resist both motions to supplement (Docket 26).

## DISCUSSION

Dale's Amended Complaint (Docket 11) names six Defendants, along with "unknown Department of Corrections Staff" and "unknown Department of Corrections Medical Staff."  Liberally construed, Dale's Amended Complaint alleges three causes of action:  (1) a First Amendment freedom of religion claim, asserting that Dale is Jewish and eats a Kosher diet, but that he has been disciplined for trading his kosher food for other kosher food, while other inmates who trade their special diet foods are not disciplined for the same behavior; (2) an Eighth Amendment cruel and unusual punishment claim, alleging that he suffers from Hepatitis C and low blood sugar/diabetes, but the medical care he receives from the defendants rises to the level of cruel and

---

[1] The defendants' motion to dismiss is the subject of the court's separate Report and Recommendation.

unusual punishment; and (3) a retaliation and Due Process claim for exercising his right to access to the courts and for exercising his First Amendment right to practice his religion.  Dale asserts he has been singled out and disciplined differently or more harshly from other inmates because he has previously filed a lawsuit against the defendants, and because he chooses to eat a religious diet.

Pending are two motions to supplement by Dale (Docket 15 and Docket 24).  In Docket 15, Dale explains that, after he filed the instant lawsuit, he took his legal papers with him to recreation.  On that same date, other inmates also had books or papers with them in their possession during recreation period.  Dale asserts he was singled out by a DOC employee (Cory Tyler, a named defendant) who said "I'm tired of your legal crap" and this same defendant confiscated Dale's legal papers.  The other inmates' books or papers were not confiscated.  Although Dale does not expressly so state, it is apparent Docket 15 is intended to supplement his retaliation and Fourteenth Amendment causes of action.

In Docket 24, Dale asserts that he received a "kosher holiday care package" from his family that consisted of kosher items including bagels, peanut butter, jelly and crackers.  The peanut butter and jelly were packaged in small, plastic squeeze tubes.  Id.  After the defendants were served with this pending lawsuit by the US Marshals, Dale brought one of the kosher squeeze tubes of peanut butter to the dining hall to eat with his kosher lunch tray.  Id.  Defendant Meyer watched Dale eat it.  The next day, Dale received a

disciplinary write-up for failing to follow his religious diet. Id. After Dale explained during the disciplinary hearing that the peanut butter tube was in fact kosher, the disciplinary write-up was changed to "conduct which disrupts." Id. Dale asserts, however, that other inmates are allowed to bring condiments such as peanut butter into the dining hall without being charged with a disciplinary infraction. Although Dale does not expressly so state, it is apparent Docket 24 is intended to supplement his First Amendment, retaliation and Fourteenth Amendment causes of action.

FED. R. CIV. P. 15 governs supplemental pleadings. Although Dale cites Rule 15(a) in support of his motions, the defendants note it is actually Rule 15(d) which governs in this instance. Rule 15(d) states:

> **(d) Supplemental pleadings.** On motion and reasonable notice, the court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence or event that happened after the date of the pleading to be supplemented. The court may permit supplementation even though the original pleading is defective in stating a claim or defense. The court may order that the opposing party plead to the supplemental pleading within a specified time.

The defendants resist both motions to supplement because they assert the attachments to their brief reveal the claims made in Dale's supplements are incorrect.

Specifically, defendants assert that Docket 26-1, p. 1 (EX A) reveals Dale's legal papers were not taken from him in the recreation hall in retaliation for his filing lawsuits against the defendants, but instead because Dale was sharing his legal papers with another inmate, which is a prohibited act. The defendants also assert that on the date Dale claims in Docket 24 he was

4

disciplined for eating a tube of kosher peanut butter, he was actually disciplined for eating non-kosher items from another inmate's lunch tray. See Docket 26-3, p.1 (EX C).

The Eighth Circuit has noted "supplemental pleadings, not amended pleadings, are intended to cover matters occurring after the original complaint is filed. Rule 15(d) gives the district court discretion to permit parties to serve supplemental pleadings." United States ex rel Kinney v. Stoltz, 327 F.3d 671, 674 n. 4 (8th Cir. 2003) (internal citation omitted).

> The purpose of Rule 15(d) is to promote as complete an adjudication of the dispute between the parties as possible by allowing the addition of claims which arise after the initial pleadings are filed. Leave to file a supplemental complaint under Rule 15(d) rests with the court's discretion and should be freely granted if it will promote the just disposition of the case, not cause undue prejudice or delay, and not prejudice the rights of any parties. The court applies Rule 15(d) in a manner aimed at securing the just, speedy and inexpensive determination of every action—the standard applicable to motions to amend under FED. R. CIV. P. 15(d) is essentially the same standard that applies to FED. R. CIV. P. 15(a).

Carl Zeiss Meditec, Inc. v. Xoft, Inc., 2011 WL 1326053 at *1 (D. Del. Apr. 5, 2011) (punctuation altered, internal citations omitted). In exercising its discretion, the court should also consider whether "the proposed pleading is futile in that it adds nothing of substance to the original allegations or is not germane to the original cause of action." Lewis v. Knutson, 699 F.2d 230, 239 (5th Cir. 1983) (citations omitted).

The Court has already determined that Dale's Amended Complaint (Doc. 11) is sufficient to survive screening. Liberally construed, Docket 15 and Docket 24 allege subsequent incidents which are germane to the original

5

causes of action.  The motions to supplement (Docket 15 and 24) will be GRANTED.

      Dated this 13th day of April, 2015

                                              BY THE COURT:

                                              Veronica L. Duffy
                                              United States Magistrate Judge