UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| JAMES IRVING DALE,<br><br>　　　　Plaintiff,<br><br>　vs.<br><br>KELLY TJEERDSMA, MICHAEL MEYER, REBECCA SCHIEFER, GEORGE DEGLMAN, UNKNOWN DEPARTMENT OF CORRECTIONS MEDICAL STAFF, UNKNOWN DEPARTMENT OF CORRECTIONS STAFF, ROBERT DOOLEY, TAMMY DEJONG, CORY TYLER, ANDRA GATES, MICHAEL JOE HANVEY, MIKE DOYLE,<br><br>　　　　Defendants. | 4:14-CV-04102-LLP<br><br>REPORT AND RECOMMENDATION<br><br>DOCKET NO. 43 |

## INTRODUCTION

Plaintiff, James Irving Dale ("Dale") is an inmate at the South Dakota State Prison ("SDSP") in Sioux Falls, South Dakota. He has filed a *pro se* civil rights lawsuit pursuant to 42 U.S.C. § 1983. See Dockets 11 and 12.

## FACTS

Mr. Dale originally asserted three claims in this case: (1) a First Amendment freedom of religion claim based on his desire to eat a kosher diet in conformity with his Jewish religion, (2) an Eighth Amendment claim based on medical care he receives or fails to receive in prison, and (3) a Due Process claim based upon alleged retaliation. After ruling on defendants' motion to

dismiss, the court dismissed the Eighth Amendment and Due Process claims. The only claim remaining in this lawsuit, then, is Mr. Dale's First Amendment claim having to do with his diet. Also, the court dismissed defendants Robert Dooley, George Deglman and Rebecca Schieffer as well as all official capacity claims for money damages against all the defendants. See Docket Nos. 34 & 36.

     Mr. Dale now files a motion labeled a motion for preliminary injunction. See Docket No. 43. In that motion and related pleadings he filed in support, Mr. Dale states he was transferred from the Mike Durfee State Prison to the SDSP in early October, 2015. He claims that when he was transferred, defendants removed from his cell certain legal documents essential to one or another of his three pending civil rights lawsuits in this court (Civ. No. 14-4003, Civ. No. 14-4102 and Civ. No. 15-4103). Specifically, Mr. Dale alleges the following documents were contained in two clear plastic legal folders in his cell and that defendants took them:

    1.    An affidavit from fellow inmate Rex Gard;

    2.    An affidavit from a kitchen worker about the handling of kosher sausages;

    3.    An affidavit and a label from a rice bag showing that the rice was not kosher;

    4.    Two affidavits from kitchen workers regarding intermingling of cooking vessels between kosher and non-kosher foods; and

    5.    Mr. Dale's only copy of the complaint he filed in Civ. No. 14-4003.

Mr. Dale now moves for a preliminary injunction, asking the court to order defendants to return the above items taken from his cell.

## DISCUSSION

An injunction is a "court order commanding or preventing an action." BLACK'S LAW DICTIONARY at p. 788 (7th ed. 1999). A "preliminary injunction" is a "temporary injunction issued before or during trial to prevent an irreparable injury from occurring before the court has a chance to decide the case" on the merits. Id. Preliminary injunctions are governed by FED. R. CIV. P. 65. Under that rule, the court may not issue a preliminary injunction until notice has been given to the adverse party. See FED. R. CIV. P. 65(a)(1). The court can, if it wishes, consolidate the trial with the hearing on the preliminary injunction. See FED. R. CIV. P. 65(a)(2). The moving party **must** give monetary security or collateral in an amount sufficient to pay the nonmoving party's costs and damages in the event an injunction is wrongfully issued. FED. R. CIV. P. 65(c).

To show entitlement to a preliminary injunction, the moving party must show four things: (1) a likelihood of success on the merits, (2) that he will suffer irreparable harm in the absence of preliminary injunctive relief, (3) that the balance of equities tips in his favor, and (4) an injunction is in the public interest. Winter v. Natural Resources Defense Council, Inc., 555 U.S. 7, 20 (2008). See also Dataphase Sys., Inc. v. C.L. Sys., Inc., 640 F.2d 109, 114 (8th Cir. 1981) (emphasis supplied).

Of course, implicit in the above definitions and law—explicit in the first Winter factor—is the idea that a court ruling on a motion for preliminary

3

injunction is giving an early ruling on the merits of the case. Here, Mr. Dale's motion does not deal with the merits of this case. He is not asking the court to give an early indication of how it will rule on his one remaining First Amendment claim by ordering defendants to do—or refrain from doing—something with regard to kosher food. Instead, his motion has to do with a request for the return of evidence or pleadings, some of which are not even associated with this case—the complaint in Civ. No. 14-4003, for example. A motion for preliminary injunction is not the correct vehicle for such a request. Furthermore, even if the subject matter of the motion were appropriate for a preliminary injunction, Mr. Dale would be required to post security for defendants' potential damages. See FED. R. CIV. P. 65(c). Mr. Dale has not done this. For the reason that a motion for preliminary injunction is simply not the right vehicle for the relief Mr. Dale seeks, the court recommends denying said motion.

## CONCLUSION

This magistrate judge respectfully recommends that plaintiff James Dale's motion for preliminary injunction [Docket No. 43] be denied.

## NOTICE TO PARTIES

The parties have fourteen (14) days after service of this Report and Recommendation to file written objections pursuant to 28 U.S.C. § 636(b)(1), unless an extension of time for good cause is obtained. Failure to file timely objections will result in the waiver of the right to appeal questions of fact. Objections must be timely and specific in order to require de novo review by the

District Court.  Thompson v. Nix, 897 F.2d 356 (8th Cir. 1990); Nash v. Black, 781 F.2d 665 (8th Cir. 1986).

DATED this 17th day of November, 2015.

BY THE COURT:

/s/ Veronica L. Duffy
VERONICA L. DUFFY
United States Magistrate Judge