UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION



FILED
APR 13 2016

| | |
|---|---|
| JAMES IRVING DALE,<br><br>Plaintiff,<br><br>vs.<br><br>KELLY TJEERDSMA, MICHAEL MEYER, REBECCA SCHIEFER, GEORGE DEGLMAN, UNKNOWN DEPARTMENT OF CORRECTIONS MEDICAL STAFF, UNKNOWN DEPARTMENT OF CORRECTIONS STAFF, ROBERT DOOLEY, TAMMY DEJONG, CORY TYLER, ANDRA GATES, MICHAEL JOE HANVEY, MIKE DOYLE,<br><br>Defendants. | 4:14-CV-04102-LLP<br><br>ORDER AMENDING ADOPTION OF REPORT AND RECOMMENDATION |

Plaintiff, James Irving Dale, is an inmate at the South Dakota State Prison in Sioux Falls, South Dakota. He filed a pro se civil rights lawsuit pursuant to 42 U.S.C. § 1983 and later amended his complaint. Docket 1; Docket 11.

On July 8, 2015, United States Magistrate Judge Veronica L. Duffy issued a report and recommendation in response to defendants' motion to dismiss. Docket 34. Magistrate Judge Duffy recommended this Court deny the motion as to Dale's First Amendment, Eight Amendment, and retaliation claims. *Id.* at 11, 14. Magistrate Judge Duffy also recommended that the Court find Dale stated a claim for retaliation due to the exercising of his rights to

practice the Jewish faith and access the courts. *Id.* at 15. She recommended dismissal of Dale's Due Process claim, defendants Dooley, Deglman, and Schieffer, and claims in which Dale only sought monetary damages. *Id.* at 18, 20, 22. This Court adopted this recommendation.

On November 17, 2015, Magistrate Judge Duffy issued a report and recommendation responding to Dale's motion for preliminary injunction. Docket 46. The report states:

> Mr. Dale originally asserted three claims in this case: (1) a First Amendment freedom of religion claim based on his desire to eat a kosher diet in conformity with his Jewish religion, (2) an Eighth Amendment claim based on medical care he receives or fails to receive in prison, and (3) a Due Process claim based upon alleged retaliation. After ruling on defendants' motion to dismiss, the court dismissed the Eighth Amendment and Due Process claims. The only claim remaining in this lawsuit, then, is Mr. Dale's First Amendment claim having to do with his diet.

Id. at 1-2. Dale objected. He raised the argument, amongst others, that his Eighth Amendment and retaliation claims survived. Docket 47 at 1. The Court denied his objections and adopted the report and recommendation. Docket 52.

The November report and recommendation, however, is incorrect. The July report and recommendation states, "Liberally construed, Dale has sufficiently alleged the defendants have been deliberately indifferent to his serious medical needs in violation of the Eighth Amendment prohibition against cruel and unusual punishment. The court recommends the defendants' motion to dismiss be DENIED as to these claims." Docket 34 at 14. It also states, "Dale has, therefore, alleged facts sufficient to survive a motion to dismiss on his retaliation claim. The court recommends the

defendants' motion to dismiss be DENIED as to Dale's retaliation claims." This Court adopted these recommendations. Docket 36.

As both the report and recommendation state, Defendants' motion to dismiss was granted only as to "(A) all of Dale's Due Process Claims; (B) all of the claims against Defendants Dooley, Deglman, and Schieffer; and (C) all official capacity claims for money damages against all named defendants." *Id.* at 1.

Dale's Eighth Amendment and retaliation claims were not dismissed. In his amended complaint, he also names defendants other than those who were dismissed and seeks injunctive relief for these claims. Docket 11 at 14. Therefore, his First Amendment claim is not the only claim that survives. Dale's due process claim was dismissed, as were claims against Defendants Dooley, Deglman, and Schieffer, and official capacity claims for money damages against all named defendants. His other claims survive.

Accordingly, it is ORDERED that the Court's order (Docket 52) is amended. The claims which remain are the Eighth Amendment and related claims and the First Amendment claim.

Dated this 13th day of April, 2016.

BY THE COURT:

Lawrence L. Piersol
United States District Judge

ATTEST:
JOSEPH HAAS, CLERK

BY: _____
        Deputy

3