UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| JAMES IRVING DALE,<br><br>          Plaintiff,<br><br>    vs.<br><br>KELLY TJEERDSMA, MICHAEL MEYER, UNKNOWN DEPARTMENT OF CORRECTIONS MEDICAL STAFF, UNKNOWN DEPARTMENT OF CORRECTIONS STAFF, TAMMY DEJONG, CORY TYLER, ANDRA GATES, MICHAEL JOE HANVEY, MIKE DOYLE, TRAVIS TJEERDSMA, CASE MANAGER AT MIKE DURFEE STATE PRISON; IN HIS INDIVIDUAL AND OFFICIAL CAPACITIES; DR. MARY CARPENTER, DIRECTOR OF HEALTH SERVICES FOR THE SOUTH DAKOTA D.O.C.; IN HER INDIVIDUAL AND OFFICIAL CAPACITIES; AND JOSHUA KLIMEK, UNIT MANAGER AT MIKE DURFEE STATE PRISON; IN HIS OFFICIAL AND INDIVIDUAL CAPACITIES;<br><br>          Defendants. | 4:14-CV-04102-LLP<br><br><br><br>REPORT AND RECOMMENDATION |

    This matter is before the court on plaintiff James Irving Dale's amended complaint in this case as well as two claims which have been joined from another civil case filed by Mr. Dale. See Docket Nos. 11, 15, 24, 39; see also Civ. No. 16-4024, Docket Nos. 1 & 23. Following a motion to dismiss by defendants, Mr. Dale's remaining claims center on alleged violations of his First and Eighth Amendment rights for which Mr. Dale seeks declaratory and injunctive relief. See Docket Nos. 36 & 61.

Now pending before the court is a second motion to dismiss these remaining claims by defendants. See Docket No. 78. Defendants argue that Mr. Dale's release from custody renders his claims for declaratory and injunctive relief moot. Id. The district court gave Mr. Dale a deadline of November 10, 2016, to respond to defendants' motion. See Docket No. 82. Upon motion by Mr. Dale, that deadline was then extended to December 12, 2016. See Docket No. 85. To date, Mr. Dale has not responded in any way to defendants' motion to dismiss.

The court takes judicial notice pursuant to FED. R. EVID. 201 that Mr. Dale was released from the custody of the State of South Dakota upon the expiration of his sentence on November 1, 2016. He is not on parole with the State of South Dakota or otherwise subject to supervision by the state. Because Mr. Dale is no longer subject to the allegedly unconstitutional restrictions about which he complains in this lawsuit, his claims for injunctive and declaratory relief are moot. See Beaulieu v. Ludeman, 690 F.3d 1017, 1024 (8th Cir. 2012) (holding plaintiffs' case was moot because they had been transferred out of the "annex" where they argued their constitutional rights were violated); Gladson v. Iowa Dept. of Corr., 551 F.3d 825, 835 (8th Cir. 2009) (plaintiff's claims were rendered moot when he was no longer incarcerated). In addition, Mr. Dale has failed to respond to defendants' motion to dismiss to assert that there are any extenuating circumstances which would enable him to present a live, justiciable controversy as required by Article III of the constitution despite the fact he is no longer incarcerated.

## CONCLUSION

Accordingly, based on the above facts, law and analysis, this court respectfully recommends to the district court that defendants' motion to dismiss [Docket No. 78] be granted and that Mr. Dale's lawsuit be dismissed in its entirety with prejudice.

## NOTICE TO PARTIES

The parties have fourteen (14) days after service of this Report and Recommendation to file written objections pursuant to 28 U.S.C. § 636(b)(1), unless an extension of time for good cause is obtained.  Failure to file timely objections will result in the waiver of the right to appeal questions of fact. Objections must be timely and specific in order to require de novo review by the District Court.  Thompson v. Nix, 897 F.2d 356 (8th Cir. 1990); Nash v. Black, 781 F.2d 665 (8th Cir. 1986).

DATED this 29th day of December, 2016.

BY THE COURT:

_/s/ Veronica L. Duffy_
VERONICA L. DUFFY
United States Magistrate Judge