UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| JAMES IRVING DALE,<br><br>              Plaintiff,<br><br>   vs.<br><br>KELLY TJEERDSMA, MICHAEL MEYER, UNKNOWN DEPARTMENT OF CORRECTIONS MEDICAL STAFF, UNKNOWN DEPARTMENT OF CORRECTIONS STAFF, TAMMY DEJONG, CORY TYLER, ANDRA GATES, MICHAEL JOE HANVEY, MIKE DOYLE, TRAVIS TJEERDSMA, CASE MANAGER AT MIKE DURFEE STATE PRISON; IN HIS INDIVIDUAL AND OFFICIAL CAPACITIES; DR. MARY CARPENTER, DIRECTOR OF HEALTH SERVICES FOR THE SOUTH DAKOTA D.O.C.; IN HER INDIVIDUAL AND OFFICIAL CAPACITIES; AND JOSHUA KLIMEK, UNIT MANAGER AT MIKE DURFEE STATE PRISON; IN HIS OFFICIAL AND INDIVIDUAL CAPACITIES;<br><br>              Defendants. | 4:14-CV-04102-LLP<br><br><br><br>AMENDED<br>REPORT AND RECOMMENDATION |

## INTRODUCTION

This matter is before the court on plaintiff James Irving Dale's amended complaint in this case as well as two claims which have been joined from another civil case filed by Mr. Dale. See Docket Nos. 11, 15, 24, 39; see also Civ. No. 16-4024, Docket Nos. 1 & 23. Following a motion to dismiss by defendants, Mr. Dale's remaining claims center on alleged violations of his First and Eighth Amendment rights for which Mr. Dale seeks declaratory and

injunctive relief as well as punitive, compensatory, and nominal damages.  See Docket Nos. 36 & 61.

Now pending before the court is a second motion to dismiss these remaining claims by defendants.  See Docket No. 78.  Defendants argue that Mr. Dale's release from custody renders his claims moot.  Id.  Mr. Dale resists defendants' motion to dismiss, arguing that his claims for punitive, compensatory, and nominal damages have not become moot.  See Docket No. 87.

## DISCUSSION

**A.     Claims for Declaratory and Injunctive Relief**

The court takes judicial notice pursuant to FED. R. EVID. 201 that Mr. Dale was released from the custody of the State of South Dakota upon the expiration of his sentence on November 1, 2016.  He is not on parole with the State of South Dakota or otherwise subject to supervision by the state.  Because Mr. Dale is no longer subject to the allegedly unconstitutional restrictions about which he complains in this lawsuit, his claims for injunctive and declaratory relief are moot.  See Beaulieu v. Ludeman, 690 F.3d 1017, 1024 (8th Cir. 2012) (holding plaintiffs' case was moot because they had been transferred out of the "annex" where they argued their constitutional rights were violated); Gladson v. Iowa Dept. of Corr., 551 F.3d 825, 835 (8th Cir. 2009) (plaintiff's claims were rendered moot when he was no longer incarcerated).  Accordingly, this court respectfully recommends those claims be dismissed.

B.     **Claims for Punitive, Compensatory, and Nominal Damages**

Mr. Dale also includes in his claims requests for compensatory, nominal and punitive damages.

1.     **Punitive Damges**

Punitive damages are available under § 1983 "when the defendant's conduct is shown to be motivated by evil motive or intent, or when it involves reckless or callous indifference to the federally protected rights of others." Kolstad v. American Dental Ass'n., 527 U.S. 526, 536 (1999) (quoting Smith v. Wade, 461 U.S. 30, 56 (1983)); Royal v. Kautzky, 375 F.3d 720, 724 (8th Cir. 2004).  There are times when even intentional discrimination does not rise to the level of action required for punitive damages.  Kolstad, 527 U.S. at 536-37.  For example, where a defendant is unaware of the federal prohibition on his or her conduct, or where a defendant acts with the distinct belief that its conduct is lawful.  Id. at 537.  A "positive element of conscious wrongdoing is always required" before punitive damages are applicable.  Id. at 538.  "[W]here there is no evidence that gives rise to an inference of actual malice or conduct sufficiently outrageous to be deemed equivalent to actual malice, the trial court need not, and indeed should not, submit the issue of punitive damages to the jury."  Id. at 539 (quoting Chizmar v. Mackie, 896 P.2d 196, 210 (Alaska 1995)).

In Royal, the Eighth Circuit affirmed the district court's dismissal of a prisoner's punitive damages claim under § 1983.  Royal, 375 F.3d at 724-25.  The court noted that there was no evidence of "evil motive" or "reckless or

callous indifference" by the defendant. Id. at 725. Instead, the defendant acted, in part, out of frustration and a concern to protect his prison staff from Royal's abuse. Id. Also, the reasons supporting an award of punitive damges (deterring future misconduct and punishing willful or malicious conduct), would not be furthered by awarding punitive damages in Royal's case. Id.

Here, Mr. Dale never alleges in any of his complaints, amendments, or supplements that any defendant acted with "evil motive or intent" or with "reckless or callous indifference" to his federally protected rights. Mr. Dale's remaining claims center on the Eighth and First Amendments. He alleges Defendant Tjeerdsma filed a disciplinary complaint against him for failing to follow his religious (Jewish) diet after observing Dale exchange food from his tray with another inmate. See Docket No. 11 at p. 3. Mr. Dale alleges that other prisoners on heart healthy diets or diabetic diets have swapped food from their trays and not gotten into trouble. Mr. Dale does *not* allege that other inmates with religious diets have swapped food without being disciplined. Id.

Mr. Dale alleges Defendant Meyer filed a disciplinary complaint for the same conduct when he observed Mr. Dale take a piece of cake from inmate Rex Gard's tray. Id. at p. 4. Mr. Gard is Christian, not Jewish, and so does not receive a special tray of kosher food. See Civ. No. 14-4183 (Mr. Gard's civil lawsuit for violation of his Christian beliefs). Mr. Dale claims he was fined $5 for this action. See Docket No. 11 at p. 4.

Mr. Dale alleges Defendant Doyle questioned Mr. Dale about a cookie he was eating to make sure it was kosher. See Docket No. 11, at pp. 4-5.

4

Mr. Dale also alleges defendants Doyle, Tjeerdsma and Meyer monitor him when he is in the dining hall to make sure he is eating his kosher food and not food from others.  Id. at p. 5.

As to his Eighth Amendment claim, Mr. Dale claims he suffers from Hepatitis C and that there is a new treatment for this condition which costs $100,000.  Id. at pp. 5-6.  Mr. Dale requested the treatment and defendants sent Mr. Dale to an outside medical provider for a liver biopsy.  Id.  Based upon that biopsy, defendants denied Mr. Dale the treatment.  He claims defendants are following Department of Corrections policy, which is to deny Mr. Dale the new treatment because the severity of his condition is not sufficient to justify the cost of the treatment.  Id.  Mr. Dale acknowledges defendants are following department policy, but claims the policy is outdated.  Id.

Mr. Dale also alleges defendants threatened to, but did not, revoke his law library privileges.  Id. at p. 7.  They threatened to, but did not, take away his medical shoes.  Id.  Mr. Dale also states defendants sometimes tell him the reason for various rules or actions on their part is "because I said."  Id.

Mr. Dale also alleges he had a confrontation with another inmate, defendant Ketcher, who then reported to Defendant Tjeerdsma that Mr. Dale had a plastic shank.  See Civ. 16-4024 at Docket No. 1.  Ketcher gave Tjeerdsma the shank he said Mr. Dale previously possessed.  Id.  Defendants investigated and placed Mr. Dale in the Special Housing Unit (SHU) for possessing a contraband weapon.  Id.  Defendant Tjeerdsma filed a report indicated three inmates had seen Mr. Dale with a shank—inmates Rex Gard,

5

Stan Maday, and Ketcher.  Id.  A disciplinary hearing was held at which Mr. Dale, Gard, and Maday (Mr. Dale's former cellmates) all three testified that Mr. Dale never possessed a shank.  Defendants found the disciplinary complaint to be supported by the facts and placed Mr. Dale in the SHU for 30 days, fined him $99 and, eventually, transferred him to the South Dakota State Penitentiary.  Id.

After being released from the SHU, Mr. Dale's personal property was returned to him.  Id.  He claims certain legal papers were missing upon the return of his property.  Id.  He does not offer any explanation for how the papers came to be missing, who took them, or why.  Id.

These allegations fall far short of the allegations necessary to prove "evil motive" or "reckless or caullous indifference" to Mr. Dale's rights.  Nor can the court infer such states of minds on the part of defendants from their actions described.  As with the food swaps, food issues, shank, and medical treatment, in each case the defendants in question were—as Dale tacitly acknowledges—following DOC procedure.  He questions their motives in so doing, but acknowledges they were ostensibly following prison procedure.  Inmates with special religious food trays are supposed to eat that food, not swap it with others.  Inmates are not to take food into the rec yard.  Inmates with insufficiently severe Hepatitis C are not entitled to the most expensive, cutting-edge treatment—without any other showing from Mr. Dale.

Accordingly, based on the fact Mr. Dale has not pleaded the proper state of mind to justify an assertion of entitlement to punitive damages, and has not

asserted facts from from which the court could infer such states of mind, the court recommends Mr. Dale's claims for punitive damages be dismissed.

### 2. Compensatory and Nominal Damages

Mr. Dale is correct that claims for compensatory and nominal damages are not rendered moot by his release from prison. Defendants do not, in their motion, discuss any basis for dismissing Mr. Dale's damages claims. Accordingly, the court recommends that defendants' motion to dismiss Mr. Dale's claims for compensatory and nominal damages for his First and Eighth Amendment claims be denied.

## CONCLUSION

Accordingly, based on the above facts, law and analysis, this court respectfully recommends to the district court that defendants' motion to dismiss [Docket No. 78] be granted in part and denied in part as follows:

1. Mr. Dale's claims for declaratory and injunctive relief on all his claims be dismissed;

2. Mr. Dale's claims for punitive damges on all his claims be dismissed; and

3. Mr. Dale's claims for compensatory and nominal damages on his First and Eighth Amendment claims be allowed to go forward.

## NOTICE TO PARTIES

The parties have fourteen (14) days after service of this Report and Recommendation to file written objections pursuant to 28 U.S.C. § 636(b)(1), unless an extension of time for good cause is obtained. Failure to file timely

objections will result in the waiver of the right to appeal questions of fact. Objections must be timely and specific in order to require de novo review by the District Court.  Thompson v. Nix, 897 F.2d 356 (8th Cir. 1990); Nash v. Black, 781 F.2d 665 (8th Cir. 1986).

DATED January 10, 2017.

            BY THE COURT:

            *Veronica L. Duffy*
            VERONICA L. DUFFY
            United States Magistrate Judge